STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. AR-00-06,.07
SKS-KEN-3/22/2001

STATE OF MAINE

v.

DAVID MANTER,

Defendant

DECISION ON APPEAL

This matter came before the court for hearing on the simultaneous appeals of David Manter from three District Court decisions. Two of these decisions were the District Court's finding of two separate incidents of contempt through violation of a court order. The third decision was a conviction of Manter for the class E crime of violation of condition of release.[1] Finding no error, the appeals are denied.

## Background

The basis for the contempt charges is found in the order of the court dated December 22, 1998, in *Baker v. Manter*, (RE-98-22) in which the defendant was permanently enjoined "from taking any action which interferes in any way with John Baker's and the public's use of the Young Road." Apparently learning that the defendant may have violated this order, on September 16, 1999 the trial court requested that the Kennebec County District Attorney's Office institute prosecution

---

1 Although apparently never formally joined, the contempt hearing and the criminal trial were conducted in the same proceeding. The two contempt actions, brought pursuant to M.R. Civ. P. 66(c)(2)(B), are civil matters, while the violation of bail condition charge is criminal. Ordinarily, civil and criminal matters would not be heard together. However, in this case, where the parties are same and the defendant had failed to request a jury trial on the criminal charge, interests of judicial economy appear to have suggested the combined hearing. This does not constitute error.

1

of a contempt against the defendant pursuant to Rule 66(c)(2)(B). On November 24, 1999, appellant Manter was summonsed to appear in the District Court on a charge of violating bail conditions. Manter entered a plea of not guilty, but did not request a jury trial. Hearing on the contempt matters and the criminal charge were scheduled for the same day.

At the hearing, Manter raised the question of his right to a jury trial on the contempt issues. After it was agreed that no disposition on the contempt would include more than 30 days incarceration or more than a $1,000 fine, the hearing proceeded without a jury as provided in Rule 66. Following hearing, the trial court found that Manter was in contempt of the previous order of the Superior Court in both instances and found him guilty of the charge of violation of bail conditions. Manter filed a timely appeal.

## Discussion

Manter raises several issues on appeal and has filed a scholarly brief. Unfortunately, many of the cases upon which he relies are suspect in light of the global amendment of the contempt rules by the Supreme Judicial Court in 1997. For example, several of Manter's arguments rely upon the distinction between civil and criminal contempt, a concept which no longer exists, at least in the form it had at the time of the cases. The 1997 amendment to both the Civil and Criminal Rules distinguishes between various types of contempt proceedings, but largely abandoned the civil versus criminal distinctions. Many of the legal concepts discussed in the case law upon which Manter relies may still remain, but must be examined in light

of these extensive rule changes.

Manter's first issue on appeal is whether the contempt complaint complied with M.R. Civ. P. 66. Specifically, he questions whether the body of the complaint contain the necessary factual allegations and specification of relief sought. When the Superior Court requested the assistance of the District Attorney's Office, the State proceeded with a two-count complaint alleging contempt. The complaint stated the time and place and nature of the contempt and also the statement that the State was seeking punitive sanctions, but neither incarceration in excess of 30 days nor a serious punitive fine. The District Attorney's Office was following Rule 66 to the letter, and the complaint was clearly sufficient.[2] Manter's other arguments with regard to the complaint itself fail to recognize the amendments to the contempt rules noted above.

Manter's second point seems to argue that there was no standing for Baker, the plaintiff in the underlying civil suit, to bring this complaint. This argument seems to ignore the fact that it is the court which requested the prosecution and it is beyond question that the court has the authority to take actions to enforce its own orders.

Manter's third argument concerns the fact that there were already pending other remedies for his actions, including criminal charges. However, the fact that

---

[2] If this court has one quibble about the District Attorney's paperwork, it is that it appears to label the contempt actions as criminal. The District Attorney was clearly following those procedures and forms with which he is familiar, treating this as a class D crime as required by Rule 66. However, the Rule merely states that the procedure would be the same as that for a class D crime and does not create a new crime in itself. The complaint should not have identified the contempts as class D crimes.

3

there are criminal charges pending does not prevent enforcement of the court's orders.

Manter's fourth argument suggests that the contempt actions constitute double jeopardy because he had already been assessed punitive damages for similar actions. Double jeopardy is a constitutional requirement that defendants may not be punished twice for the same criminal offense. Here, Manter is not being charged twice for the same crime or even for the same contempt. The argument fails.

The fifth argument raised by the appellant has to do with the sufficiency of evidence for conviction on the charge of violation of conditions of release. After reviewing the record, this court finds that there was sufficient evidence of record to support the fact that it was Manter who obstructed or interfered with the passage of Mr. Pease along the Young Road on the date in question. Manter next objects to entry of his bail conditions into evidence as being inadmissible hearsay since it was introduced through the testimony of Deputy Perkins. In light of the introduction of the documented bail conditions into evidence from the court's records, this argument fails.

Manter's final arguments concern whether there was improper joinder of the criminal and contempt hearings. As noted before, there was no formal joinder of these cases; rather there was in essence a simultaneous hearing in the interest of judicial economy. The court finds no error. Nor does the court find that Manter was denied his right to a jury trial on the contempt charges. The contempt charges are not new crimes and so long as the punishment sought does not exceed 30 days

incarceration or a $1,000 fine, there is no right to a trial by jury.

For the reasons above, the entry will be:

Appeal DENIED. Remanded to the District Court.

Dated: March 22, 2001

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___07-17-00___ __KENNEBEC_____ Docket No. AR-00-006_____
                            County

Action __APPEAL FROM DISTRICT COURT___ (AUGDC-00-107)

                State of Maine          vs.    DAVID MANTER

| Offense | Attorney |
|---|---|
| CONTEMPT    x2 | Pro se          William Maselli, Esq.<br>                 98 Court Street<br>PO Box 191       Auburn, ME  04210<br>Wayne  ME  04284 |

| Date of Entry | |
|---|---|
| 07-18-00 | Received 07-17-00:<br>Entire case file along with attested copy of docket entries received from Augusta District Court. |
| 8/2/00 | Notice from Electronic Recording to David Manter that since the fee has been paid for the transcript the estimated date for completion is 10/6/00. |
| 9/5/00 | TRANSCRIPT FILED. |
| 9/5/00 | BRIEFING SCHEDULE MAILED TO DEFENDANT AND DA.  APPELLANT'S BRIEF DUE  10/5/00. |
| 9/27/00 | Motion for Extension of Time in Which to File Appellant's Brief filed. s/Maselli, Esq. |
| 9/27/00 | ORDER filed.  s/Studstrup, J.<br>Defendant's request for extension  is hereby GRANTED.  Extended to 11/20/00. Copies to attys. |
| 11/21/00 | Received 11/20/00:<br>Motion for Extension of Time to File Appellant's Brief of Eight Business days, filed. |
| 11/30/00 | On 11/27/00, Defendant's request is hereby GRANTED.  Appellant's brief is due 12/1/00.  s/Studstrup, J.<br>Copies to attorneys. |
| 12/01/00 | APPELLANT'S BRIEF FILED. |
| 1/2/01 | State's Motion for Enlargement of Time to File Appellee's Brief, filed.  s/P. Rucha, ADA |
| 1/5/01 | ORDER, filed.  s/Mills, J.<br>Motion for Enlargement, GRANTED.  State's Brief due 1/18/01.(dated 1/4/01) Copy issued to P. Rucha, ADA and Wm. Maselli, Esq. |
| 01/18/01 | BRIEF OF APPELLEE FILED. |
| 03/09/01 | ORAL ARGUMENTS HELD BY THE COURT. JUSTICE STUDSTRUP PRESIDING, PAUL RUCHA,ADA WILLIAM MASELLI, ESQ.   ELECTRONIC RECORDING TAPE #562, INDEX NO. 1070-2396 |
| 03/23/01 | DECISION ON APPEAL FILED ON 3/22/01.  APPEAL DENIED AND REMANDED. COPIES TO COUNSEL. |

Date Filed ___07-17-00___ __Kennebec_____ Docket No. _AR-00-007_____

County

Action _Appeal from District (AUGDC-00-439)_

State of Maine                    vs.                David Manter

| Offense | Attorney |
|---|---|
| Violating Condition of Release (E) | Pro se       William Maselli, Es<br>PO Box 191     98 Court Street<br>Wayne ME 04284 Auburn, ME 04210 |

| Date of Entry | |
|---|---|
| 07-18-00 | Received 07-17-00:<br>Entire case file along with attested copy of docket entries received from Augusta District Court. |
| 8/2/00 | Notice from Electronic Recording to David Manter that since the fee has been paid for the transcript, the estimated date for completion is 10/6/00. |
| 9/5/00 | TRANSCRIPT FILED. |
| 9/5/00 | BRIEFING SCHEDULE MAILED TO DEFENDANT AND DA. APPELLANT'S BRIEF DUE 10/5/00. |
| 9/22/00 | State's Transcript Order filed. Copy issued to Electronic Recording. |
| 9/27/00 | Motion for Extension of Time in Which to File Appellant's Brief filed.<br>s/Maselli, Esq. |
| 9/27/00 | ORDER filed. s/Studstrup, J.<br>Defendant's request for extension is hereby GRANTED. Extended.to 11/20/00.<br>Copies to attys. |
| 11/21/00 | Received 11/20/00:<br>Motion for Extension of Time to File Appellant's Brief of Eight Business days, filed. |
| 11/30/00 | On 11/27/00, Defendant's request is hereby GRANTED. Appellant's brief is du<br>12/1/00. s/Studstrup, J.<br>Copies to attorneys. |
| 12/01/00 | APPELLANT'S BRIEF FILED. |
| 1/2/01 | State's Motion for Enlargement of Time to File Appellee's Brief,<br>filed. s/P. Rucha, ADA. |
| 1/5/01 | ORDER, filed. s/Mills, J.<br>Motion for Enlargement of Time, GRANTED. State's Brief due 1/18/01.<br>(dated 1/4/01). Copy issued to P. Rucha, ADA and Wm. Maselli, Esq. |
| 01/18/01 | BRIEF OF APPELLEE FILED. |
| 03/09/01 | ORAL ARGUMENTS HELD. JUSTICE STUDSTRUP PRESIDING, PAUL RUCHA,ADA<br>AND WILLIAM MASELLI, ESQ. ELECTRONIC RECORDING TAPE 562, INDEX 1070-2396 |
| 03/23/01 | DECISION ON APPEAL FILED. APPEAL DENIED. REMANDED TO DISTRICT COURT.<br>COPIES TO COUNSEL. |
| 03/23/01 | CASE MAILED TO DISTRICT COURT, AUGUSTA, ME. |